[Civ. No. 2566. First Appellate District, Division One.—November 25, 1918.]

## ANGELO CROSARO et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—REVIEW.—A finding by the Industrial Accident Commission after a hearing on evidence, that neither of the petitioners had been wholly or partially dependent upon the deceased employee cannot be reviewed, since no court has power to correct errors of the commission in its conclusions based on the evidence.

APPLICATION for a Writ of Review directed to the Industrial Accident Commission.

The facts are stated in the opinion of the court.

I. F. Chapman, for Petitioners.

Christopher M. Bradley and Barry J. Colding, for Respondents.

STURTEVANT, J., *pro tem.*—This is an application by the petitioners for a writ of review to have annulled an order of the Industrial Accident Commission refusing the petitioners any allowance as dependents under the Workmen's Compensation Act. The commission had regular hearings and made a

full set of findings. From the latter it appears that the petitioners are, respectively, the surviving father and mother of Guiseppe Crosaro, who was killed in an accident in the early part of 1918; that Guiseppe was twenty-three years of age at the time of his death and had never been married. There is an express finding that neither of the petitioners was, at the time of the death of Guiseppe, "wholly nor partially dependent upon the employee for support." In their application the petitioners aver that said last-mentioned finding is not supported by the evidence, and they ask that the order of the commission refusing them an allowance as dependents be annulled. We think the prayer of the petitioners cannot be granted. ·The commission took evidence on the subject of dependency, and the evidence shows that the petitioners could have lived, and did live, on the earnings of the father; and, as the commission had the power to hold the hearing, to take evidence, and to make findings thereon, such findings are, under these facts, binding on this court. True, the petitioners allege that "the findings are not supported by the evidence," but their real contention in this behalf, is that the commission erred in its conclusions based on the evidence. Not intimating that the commission erred, yet, if it did, no court has power to correct mere errors of the commission. (Stats. 1913, p. 279, sec. 84.) It is only excess of power that can be examined into by the courts. As an abstract proposition, power to hear and determine is power to determine it wrong as well as right. (*McFarland* v. *McGowen,* 98 Cal. 331, [33 Pac. 113].) The order of the commission is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.