(No. 12666.—Reversed and remanded.)
G. A. PAUL, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLES A. SIMPSON, Admr., Defendant in Error.)

*Opinion filed June 18, 1919.*

1. WORKMEN'S COMPENSATION—*evidence may be reviewed to determine jurisdiction of commission.* While the sufficiency of evidence before the Industrial Commission is not subject to review where there is any evidence tending to establish the findings of the commission, yet the evidence certified in the record may be reviewed and weighed to determine whether or not the commission has jurisdiction to apply the act in any given case.

2. SAME—*what is presumptive evidence of filing notice of election to operate under Compensation act.* A certificate from the Industrial Commission approving an employer's compliance with section 26 of the Compensation act, together with his testimony that he had taken out indemnity insurance under the act in response to a notice from the commission and that he concluded to work under the act, constitutes presumptive evidence of the filing of notice of election to come under the act.

3. SAME—*when commission must determine persons entitled to compensation for death of an employee.* Where there is no voluntary payment on the part of the employer and the Industrial Commission must determine the compensation for the death of his employee, it is the duty of the commission to determine the person or persons entitled to compensation, although there is no contest between the respective relatives as to the dependents entitled to the award.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

JOHN J. PRIESTLEY, for plaintiff in error.

J. E. HOGAN, and ARTHUR ROE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Christian county affirmed the award of the Industrial Commission of Illinois in favor of the defendant in error, Charles A. Simpson, administrator of the estate of Carl A. Simpson, deceased, for injuries re-

ceived by the deceased while in the employment of plaintiff in error. The administrator filed his application for adjustment of claim with the Industrial Commission on behalf of the estate, claiming dependency of himself as father of the deceased, and partial dependency of Alice M. Simpson, mother, and James D. Simpson and Ruth Simpson, brother and sister of the deceased. Upon hearing before the arbitrator duly appointed by the commission an award was entered in favor of the applicant. Upon hearing on review before the commission this award was confirmed. The cause was brought before said circuit court on *certiorari,* as required by the statute, and upon hearing the finding of the commission was affirmed. The circuit court having entered a certificate that the issues herein were proper to be reviewed by this court, the cause is brought here by writ of error.

It is contended by the plaintiff in error that his business does not automatically come under the Workmen's Compensation act, and that he did not elect to provide compensation according to the provisions of the act by filing notice of such election, as required by the statute; that the deceased did not leave any parent, grandparent or grandchild who at the time of the accident in question was dependent upon his earnings, as provided in paragraph (*c*) of section 7 of the act; that the Industrial Commission erred in not making a finding as to the dependents entitled to receive compensation and the relative dependency of such dependents.

Plaintiff in error is engaged in the hardware, sheet metal work and plumbing business, and said business is conducted in one building and from one office. The employees work wherever they are assigned, and their duties are not restricted to any one part of said business. The deceased was employed generally in the different departments of said business. On July 24, 1917, he was killed by a machine which fell upon him while he was assisting at loading it

onto a wagon. This machine is known as a cornice break and weighed about one ton.

Plaintiff in error's testimony before the arbitrator on the hearing in this cause was to the effect that he had received notice from the Industrial Commission to make provision for accidents or injuries occurring in connection with the operation of his business under said act; that he had complied with said notice by taking out indemnity insurance under the act and had a certificate from the commission that he had fully complied with all the requirements of said act. This certificate of the Industrial Commission was offered in evidence and is in the following language: "You are hereby notified that the Industrial Commission has approved your compliance with section 26 of the Workmen's Compensation act upon proof of same in accordance with the provisions of said act, upon the 16th day of July, 1917." The plaintiff in error also stated to the arbitrator on the hearing, in answer to the question, "In other words, you concluded to work under the Workmen's Compensation act?" "Yes, and I received a certificate from them." This is presumptive evidence of the filing of the notice of election as required by law.

Section 26 of said act provides that an employer who comes under section 3 of the act, or who elects to provide and pay compensation provided for in the act, "shall, within ten days of receipt by the employer of a written demand by the Industrial Board, (1) file with the board a sworn statement showing his financial ability to pay the compensation provided for in this act, normally required to be paid; or (2) furnish security, indemnity or a bond guaranteeing the payment of the employer of the compensation provided for in this act normally required to be paid; or (3) insure to a reasonable amount his normal liability to pay such compensation in some corporation, association or organization authorized, licensed or permitted to do such insurance business in this State."

While, under the general rule, the sufficiency of evidence before the Industrial Commission is not subject to review where there is any evidence tending to establish the findings of the commission, yet questions of the commission's jurisdiction are an exception to this rule. The evidence certified in the record may be reviewed and weighed to determine whether or not the commission has jurisdiction to apply the act in any given case. (*Thede Bros.* v. *Industrial Com.* 285 Ill. 483; *Hahnemann Hospital* v. *Industrial Board,* 282 id. 316.) Paragraph (*a*) of section 1 of the act provides the method by which the employer shall give notice of such an election, as follows: "Election by any employer to provide and pay compensation according to the provisions of this act shall be made by the employer filing notice of such election with the Industrial Board." However, whether or not an employer elects to operate under the act is a question of fact. Paragraph (*a*) requires that notice of such election shall be filed with the commission but does not prescribe a particular form of notice to be used, and where the employer, as in this case, upon the receipt of a demand that he comply with section 26, satisfies the commission of such compliance and receives its certificate to that effect,—which action on his part he explains as having been the result of his determination to operate under the act,—he cannot be heard to say that he had not elected to come under the act merely because he had not filed formal notice of such election with the commission. The Industrial Commission had jurisdiction in this case.

The plaintiff in error having elected to come under the Workmen's Compensation act, it is not material to discuss whether or not his business brought him automatically under said act.

The arbitrator found from the evidence that the deceased left him surviving his father, mother, brother and sister; that the father was not able to earn sufficient com-

pensation to support himself and family; that the sister was a minor and the brother was in ill-health; that the entire earnings of the deceased was paid to the mother, to be applied to the necessary support and living expenses of the entire family; that the other brother worked a portion of the time and likewise turned over his earnings to the mother for the same purpose; that the mother had no money in the bank; that all, or substantially all, of the earnings of the deceased was expended in the support of the family, along with other moneys given to the mother by the father and the other brother; that the deceased was sixteen years old at the time of the injury resulting in death; that the injury arose out of and in the course of his employment with the plaintiff in error. The arbitrator gave the minimum award, payable in 275 weeks at six dollars per week, provided in paragraph (*c*) of section 7 of the act. On a hearing on review the award of the arbitrator was confirmed and declared to be the decision of the commission. There was competent evidence in the record upon which to base such finding.

The award was allowed to the administrator. The Industrial Commission in allowing the award did not determine which of the foregoing relatives were dependent upon the deceased employee. While there is no contest between the respective relatives as to the dependents entitled to the payment of the award, nevertheless where there is no voluntary payment on the part of the employer and the Industrial Commission must determine the compensation, it is the duty of the commission to determine the person or persons entitled to the compensation. *Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to remand the same to the Industrial Commission for further proceedings consistent with the views herein set forth.

*Reversed and remanded, with directions.*