DAY et al, Respondents, v. SIOUX FALLS FRUIT COM-
PANY, et al, Appellants.

(177 N. W. 816.)

(File No. 4678.    Opinion filed May 24, 1920).

1.  **Appeals—Error—Workmen's Compensation Law, Rules of Evidence Re, Most Liberal Construction—Non-reversal for Non-observance of Formal Rules of Evidence—Assignment of Error, Leading Questions, Call for Conclusions, Whether Reversible Error.**

    In action arising under Workmen's Compensation Law (Laws 1917, Ch. 277), for damages to plaintiffs as dependents of a deceased son killed while in defendant's employment, held, that a part of the policy and intention of the Legislature in enacting said law was to evade delays and much of the technical formal procedure incident to trials before courts, and to establish more simple, speedy, less formal and summary methods of procedure, unhampered by formal legal rule, for adjustment of such questions between employer and employee; and such law should receive most liberal construction, and findings and awards of arbitrator and the Industrial Commissioner should not be reversed for failure to observe formal rules of evidence applicable on court trials, unless it clearly appears defendant was prejudiced thereby so as to deprive him of substantial right.    Therefore, held further, that assignment of error, referring to rules regarding admissibility of evidence, which when applied to trials in law courts, may be well grounded, such as questions leading in form and those calling for a conclusion rather than a direct statement of provative fact, do not show that defendants prejudiced by the rulings presented; it not appearing that any evidence that shoud have been received and considered, or which might have been ground for substantial modification, or have changed the result was rejected.

2.  **Appeals—Error—Workmen's Compensation—Assignment of Error re Judgment Affirming Industrial Commissioner's Decision, No Specifications, Effect.**

    An assignment of error, that court erred in entering judgment affirming decision of Industrial Commissioner, standing alone, is unavailing for any purpose, it not pointing out wherein or of what the alleged error consists.

3.  **Master and Servant—Workmen's Compensation—Parents as Son's Dependents re Support—Measurable Contribution by Son to Family, Father's Earnings Re, Facts Considered, Effect—Statute.**

Where, under Workmen's Compensation Law (Laws 1917, Ch. 277), arbitrators awarded the minimum statutory sum of $1650, which on review before Industrial Commissioner was affirmed, circuit court upon appeal affirming Commissioner's award; the evidence showing in substance that the son, killed in defendant's employ, was single and 22 years of age, that for several years he had been employed in grocery stores; boarded at home and paid to his mother from $6 to $8 per week, or such sums as he could spare after purchasing clothes, which sums were used in paying family expenses and payments on the home; that thereafter he enlisted, and returned home from France 25 days before his death, during which latter period he was employed by defendant fruit company at $85 per month, living with his parents, paid $30 of the father's grocery bill and $17.50 on the home; the father being at date of son's death 44 years old, in good health and regularly employed at $110 per month, owned only an equity in a home held under purchase contract and partly paid for, one other lot part paid for and an automobile partly paid for, with no other debts except current expenses; the family consisting of father, mother, grown up unmarried daughter and a married daughter and baby, the latter daughter's husband being still in military service, married daughter receiving $40 per month, about $10 per month of which she voluntarily contributed toward maintaining the home; **held,** under Rev. Code 1919, Sec. 9458, providing that where deceased employee leaves no widow or child, but leaves parents dependent upon him for support at his decease, a sum four times the annual earnings of deceased employee, not less than $1650 nor more than $3000, shall be paid the parents as compensation for his death—the evidence shows actual dependency, and sustained the award made.

4.  Same—Dependency, Whether Statute Distinguishes Between Degrees Re.

Said statute, wherein it provides that where parents are dependent upon a deceased employee for support, a sum four times the average annual earnings of deceased employee shall be paid the parents as compensation for his death, makes no distinction between degrees of dependency; and the question thereunder is, whether the parents were dependent for support, in whole or in some substantial part, upon deceased son at time of his death.

5.  Same—Dependency, Receipt of Contribution for Support, as Establishing Dependency.

Where persons of limited means, such as respondents in case at bar, and otherwise entitled to compensation, had actually received contributions for support from the wages of the

deceased employee, such facts constitute evidence strongly tend-
ing to establish dependency.

6.   Same—Dependency, Evidence Before Industrial Commissioner,
      Whether Reviewable and When.
        Under Rev. Code 1919, Sec. 9458, being Workmen's Compen-
     sation Law, sufficiency of evidence before Industrial Commis-
     sioner, on question of dependency, is not subject to review by
     an appellate court, where there is any reasonable or substan-
     tial evidence tending to establish findings of Commissioner.

Appeal from Circuit Court, Minnehaha County.  Hon. Louis
L. Fleeger, Judge.

Action by Frank Day and Pearl Day, against the Sioux Falls
Fruit Company, a corporation, and the United States Fidelity &
Guaranty Company, to recover compensation under Workmen's
Compensation Law for death of plaintiff's son, employee of the
first named defendant.  From a judgment in circuit court affirm-
ing the award of the Industrial Commissioner, which latter af-
firmed award of arbitrators, defendants appeal.  Affirmed.

*Davis, Lyon & Bradford,* for Appellant.

*Parliman & Parliman,* for Respondents.

(3)   To point three of the opinion, Respondent cited: Ken-
nerson v. Thames Towboat Co., 89 Conn. 367, 94 A. 372, L. R. A.
1916, A 436.

(4)   To point four, Appellants cited:   Bortle v. N. P. Ry.
Co., 60 Wash. 552; 8 Am. & Eng. Enc. of Law, 2nd. Ed. 1904;
Georgia Ry. etc., v. Spink, 111 Ga. 571, 36 S. E. 855.

Respondent cited: Jackson v. Erie Ry. Co. 91; Atl. 1035
Corpus Juris Treatise, pp 61-62; In Re Easthon, Ohio Ind.
Comm. No. 123,051.  Nov. 30, 1915, 13 N. C. C. A. 324.

McCOY, P. J.  This action arises under the Workmen's
Compensation Law (chapter 277, Laws of 1917), and was insti-
tuted by Frank L. Day and Pearl Day, father and mother of one
Van P. Day, a son, who was killed while in the employment of
the Sioux Falls Fruit Company, at the city of Sioux Falls, on the
12th day of March, 1919.  Claim was filed with the industrial
commissioner by said parents claiming that they were dependent
for support upon said deceased employe at the time of his death.
The said employer and its insurer, the codefendant, resisted said
claim.  Under the provisions of said law a board of arbitrators
was appointed, testimony taken and heard, and findings and

award in the sum; of $1,650 made and allowed by said board in favor of said claimants. On demand of defendants a review thereof was had before the industrial commissioner, who received and heard further testimony, and approved and affirmed said findings and award. Appeal by said defendants was then taken to the circuit court, wherein judgment was rendered, affirming the order of the industrial commissioner. Motion for new trial was made and overruled, and an appeal taken to this court.

The first 13 assignments of error refer to rulings in relation to the admissibility of evidence. According to strict and formal rules of evidence, applicable on trials before law courts, some of said assignments may be well grounded, as some of the questions were leading in form, while others called more or less for the expression of a conclusion rather than a direct statement of a probative fact. We are of the view that at least a part of the policy and intention of the Legislature in enacting the Workmen's Compensation Law was to evade the delays and much of the technical formal procedure incident to trials, before courts, and to establish a more simple, speedy, less formal and summary method of procedure, unhampered by formal legal rule, for the adjustment of such questions between the employer and employe. Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 16 N. C. C. A. 879; Industrial Commissioner v. Johnson (Colo.) 172 Pac. 422, 16 N. C. C. A. 350; Parson v. Murphy, 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479, 16 N. C. C. A. 174.

[1] We are of the view that the Workmen's Compensation Law should receive most liberal construction, and that the findings and awards of arbitrators and the industrial commissioner should not be reversed for failure to observe the formal rules of evidence applicable on trials before law courts, unless it clearly appears that appellant has been prejudiced thereby to such an extent as to deprive him of some substantial right. Considering the said assignments of error in this light, we are of the view that appellants were in no manner prejudiced by reason of any of said rulings. It does not appear that any evidence was rejected that should have been received and considered, which might have been ground for substantial modification or have changed the result.

[2]    The next error assigned is that the court erred in entering judgment affirming the decision of the industrial commissioner. This assignment, standing alone, is unavailing for any purpose, as it in no manner points out wherein or of what such alleged error consists.

Appellant alleges that the evidence is insufficient to justify the judgment, in that it fails to show that respondents were dependent upon the deceased son for support at the time of the accident, but does show that they were not and never had been dependent on him, and that no contributions had been made by him to respondents for more than 17 months, and that they were entirely capable of and financially able to support themselves without assistance from deceased. It appears from the record that deceased was 22 years of age at the time of his death; that he had had 2 years in high school; that for some 5 or 6 years thereafter he had been employed in grocery stores and boarded at home, and paid to his mother from $6 to $8 per week, or such sums as he could spare after purchasing his clothes, and that such sums were used in paying family expenses and payments on the home; that in September, 1917, he enlisted and went to France, and returned on the 15th day of February, 1919; that during the time he was in the service he made no contributions to the family, but the father had sent him $25; that he claimed he had purchased a Liberty Bond in the name of his mother for $150, but that the same had not been received; after his discharge from the army he lived at home with his parents, and was receiving $85 per month compensation at the time of his death; that during those 25 days he paid a $30 grocery bill of the father and a payment of $17.50 on the home. It also appears that at the date of the accident the father was 44 years of age, in good health, and regularly employed at $110 per month; that he owned no property except an equity in a home, held under a contract of purchase and partly paid for, and one other lot partly paid for, and an automobile, partly paid for, with no other debts except current expenses; that the family consisted of the father, mother, 17 year old unmarried daughter, and a married daughter and baby; that the husband of the married daughter was still in the service, and that the married daughter and baby were living

with respondents temporarily; that the married daughter was receiving an allotment of $40 per month, about $10 per month of which she voluntarily contributed towards maintaining the home.

[3-6]   The deceased was unmarried and left no child or children.   The respondents must recover, if at all, under the provisions of section 9458, Rev. Code 1919, which in substance provides that in case the deceased employe leaves no widow, child, or children, but leave parents who were dependent upon him for support at the time of his death, a sum equal to four times the average annual earnings of the deceased employee, not less than $1,650 nor more than $3,000 shall be paid to such parents as compensation for the death of such employe.   This statute makes no distinction between degrees of dependency.   The question then is, were these parents dependent for support, in whole or in some substantial part, upon said deceased son at the time of his death?   We are of the opinion that the evidence shows actual dependency.   Where persons of limited means, such as respondents, and otherwise entitled to compensation, had actually received contributions for support from the wages of the deceased employe, such facts would constitute evidence strongly tending to establish dependency.   In re Derinza, 229 Mass. 435, 118 N. E. 942, 16 N. C. C. A. 210; In re McMahon, 229 Mass. 48, 118 N. E. 189.   In the last cited case the situation was strikingly similar to that in the case at bar in relation to the question of dependency of parents.   The sufficiency of the evidence before the industrial commissioner, on the question of dependency, is not subject to review, by an appellate court, where there is any reasonable or substantial evidence tending to establish the finding of the commissioner.   Paul v. Com., 288 Ill. 532, 123 N. E. 541, 18 N. C. C. A. 292, and note; Crosaro v. Com. (Cal App.) 177 Pac. 489; Bloomington-B. Stone Co. v. Phillips (Ind. App.) 116 N. E. 850.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.