[Civ. No. 3380.    Second Appellate District, Division Two.—July 21, 1920.]

## HERMON D. POPST et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—ANNUAL CONTRIBUTION TO DEPENDENTS—COMPUTATION OF—DISCRETION OF COMMISSION.—Where the sums contributed by a deceased employee to the support of his dependents during the year preceding his demise have not been constant, either in amounts or times of payment, the Workmen's Compensation Act prescribes no rule or basis for the determination of what shall be deemed the "annual amount" devoted to such support, but, under such circumstances, the determination of what such "annual amount" was rests largely in the sound discretion of the commission, based upon the evidence before it.

[2] ID.—COMPUTATION OF "ANNUAL AMOUNT"—QUESTION OF FACT—POWER OF COURT TO REVIEW.—In such a case, such "annual amount" being incapable of any mathematically exact measurement due to the fluctuation in the sums contributed by the deceased, both as to the amounts and times of payment, the conclusion of the commission, from the evidence taken by it, that such "annual amount" was a certain specified sum, is the determination of a question of fact, which the appellate court has no power to set aside.

[3] ID.—ANNULMENT OF AWARD OF COMMISSION—JURISDICTION OF APPELLATE COURT.—The authority of the appellate court, with respect to the conclusion of the Industrial Accident Commission on questions of fact, goes no further than to permit the annulment of an award where the commission's finding of a fact is without any evidence whatever to support it. Where there is a conflict in the testimony, or where opposing inferences may reasonably be drawn, the commission is the final arbiter.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Writ denied.

The facts are stated in the opinion of the court.

Benj. M. Stansbury for Petitioners.

A. E. Graupner for Respondents.

THE COURT.—This is a proceeding in *certiorari,* having for its purpose the modification of an order of the Industrial Accident Commission whereby these petitioners, the parents of Lynn Popst, who died as the result of injuries sustained in the course of his employment, were awarded a certain amount as a death benefit under subdivision 2 of paragraph 3 of section 9 of the Workmen's Compensation, Insurance and Safety Law (Stats. 1919, p. 917). The commission found that petitioners were partially dependent upon their son for their support at the time of his death, and that the "annual amount" that he so devoted to their support was four hundred dollars.

[1] Nowhere in the Workmen's Compensation, Insurance and Safety Law is any rule or basis prescribed for the determination of what shall be deemed to be the "annual amount" devoted by a deceased employee to the support of his dependents where, as here, the sums contributed to such support during the year preceding the demise of the injured employee have not been constant, either in amounts or times of payment. In the very nature of the case, the determination of what is such "annual amount," when, as here, the support contributed by the injured employee has fluctuated considerably during the year preceding his demise, must largely rest in the sound discretion of the commission, based upon the evidence before it.

[2] The deceased employee, Lynn Popst, was injured while in the employ of the Los Angeles Gas & Electric Corporation. During the greater portion of the year immediately preceding the accident he had been in the service of the United States navy. After his discharge from the navy he was unemployed for a considerable period. While in the navy he had contributed a much smaller sum to the support of his parents than during the comparatively short period that he was in the employ of the gas and electric corporation. Petitioners, who are dissatisfied with the amount allowed them by the commission in its award for partial dependency, say that the commission's method of computing the

"annual amount" contributed by their son to their support was incorrect. But the commission did take evidence upon the subject; and it made its finding upon such evidence. Under the circumstances, the "annual amount" was not capable of any mathematically exact measurement. The conclusion of the commission that, at the date of their son's death, four hundred dollars was the annual amount contributed by him to his parents' support, was the determination of a question of fact based upon evidence adduced before and considered by the commission.

[3] Without intimating that the method of computation adopted by the commission was erroneous or unreasonable, our conclusion is that this court has no power to set aside the award or to remand the case for further proceedings. "The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review." (Subd. C, sec. 67 of the Act; Stats. 1917, p. 876.) "Our authority, with respect to the commission's conclusions on questions of fact, goes no further than to permit the annulment of an award where the commission's finding of a fact is without any evidence whatever to support it. Where there is a conflict in the testimony, or where opposing inferences may reasonably be drawn, the commission is the final . arbiter." (*Walker* v. *Industrial Acc. Com.*, 177 Cal. 738, [L. R. A. 1918F, 212, 171 Pac. 954]. See, also, *Williams* v. *Industrial Acc. Com.* (Cal.), 177 Pac. 989; *San Francisco-Oakland etc. Rys.* v. *Industrial Acc. Com.*, 180 Cal. 121, [179 Pac. 386]; *Frankfort Gen. Ins. Co.* v. *Pillsbury*, 173 Cal. 56, [159 Pac. 150]; *Crosaro* v. *Industrial Acc. Com.*, 38 Cal. App. 758, [177 Pac. 489].) What was said by the New York supreme court in *Rhyner* v. *Hueber Bldg. Co.*, 171 App. Div. 58, 156 N. Y. Supp. 904], is worth quoting here: "The appellant contends that the method of computing the deceased's wages was incorrect. We think the conclusion reached by the commission was correctly worked out. Of course, we are unable to say what mental processes the commission employed in arriving at the figures given in their decision; but it seems to us that, under the evidence, the figures given might, very properly, have been the result of the method of computation pointed out in subdivision 3 of section 14. But here again a finding of fact, based upon evidence, is presented to us, and we are

powerless to criticise, modify, or revoke. It is not well for this court to fall into the habit of discussing the facts, even for the purpose of showing that the findings of fact are reasonable and meet with our approbation. We cannot, except by usurpation, invade the realm of facts, for it was the clear intent of the legislature that 'the decisions of the commission shall be final as to all questions of fact.' Of course, if there are no facts, and the decision is arbitrary, unfair, and unreasonable, a question of law arises, and we may right the wrong. *Matter of Lizzie Gardener* v. *Horseheads Construction Co.*, 171 App. Div. 66, [156 N. Y. Supp. 899], handed down herewith. But it is wholly improbable that the commission will make any such decision. The commission is the sole judge and the 'final' judge of the facts, and this court is not only forbidden to trespass upon the jurisdiction of the commission in this field, but, by section 20 of the act, it is circumscribed, even, in its review of questions of law. It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical. With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality.''

The petition for the writ is denied.