THE DEPENDENTS OF CLAUDE L. SHAW, DECEASED, Respondents, v. THE FREEMAN C. HARMS PIANO COMPANY, et al., Appellants.

(184 N. W. 204.)

(File No. 4749.   Opinion filed August 15, 1921.)

1.  **Master and Servant—Workmens' Compensation—Arbitration Board's Finding That Decedent Killed While Intoxicated and Driving Auto, And of Defendant's Non-liability, Approved by Industrial Commissioner and of Non service Re Accident and Non-liability, Circuit Court Appellate Finding of Damages— Question of Preponderating Evidence Immaterial—Whether Creditable Evidence Supported Commissioner's Findings, as Sole Issue.**

    Where claim was made by decedent's dependents for recovery under Workmen's Compensation Law, and, failing to agree upon an award, the board of arbitration formed under Industrial Commissioner, found on the evidence that decedent's death resulted from overturning of an automobile driven by him while under influence of intoxicating liquor without fault of another, and that defendant's alleged employers were not liable for his death, which decision was upon review approved by Industrial Commissioner with further finding that decedent was not engaged in defendant's business at time of accident and that they were not liable; circuit court having on appeal

made findings and conclusions ·favorable to plaintiff's claimants
and rendered judgment· for specified damages; held, that while
were the question for determination whether evidence pre-
ponderated in favor of trial court's decision, this ·Court might
be inclined to answer affirmatively, yet such question is not
before us, the question before that court and this ·being,
whether there was substantial creditable .evidence supporting
findings of Industrial Commissioner; which question is answer-
ed affirmatively; Day v. Sioux Falls Fruit ·Co., 43 S. D. 65,
followed.

2.    Same—Appeal from Industrial Commissioner to Circuit Court,
      Whether Appellate Trials de Novo—Non-denial of Constitu-
      tional Right Re Appellate Jury Trial—Statute.

      Under. the rule announced in Day v. Sioux ·Falls Fruit Co.,
supra, review on appeal to circuit court from Industrial ·Com-
missioner's decision is limited to question whether there was
substantial creditable evidence supporting · Commissioner's find-
ings, thus eliminating jury trial in circuit court; in view of
the fact that remedy under Workmens' Compensation Act is
not exclusive, (Rev. Code 1919, Sec. 9495) no constitutional
right is violated by denying jury trial on such appeal.

3.    Same—Appellate Trial, Supreme Court Decision in· Day Case,
      Statute and Rule Re.

      Under the. last sentence of Sec. 9474, Code 1919: "No party
shall as a matter of right be entitled to a second hearing upon
any question of fact," and Sec. 9180, authorizing appeals to
circuit court "under rules and regulations consistent with the
laws of this state adopted and ·prescribed by the Supreme
Court," and Sec. 9489, authorizing appeals to. circuit court
and providing: "such appeal to be taken and prosecuted as
provided in Sec. 9180," Supreme Court acted within its pre-
rogative and within spirit of Workmen's ·Compensation Law in
promulgating the rule announced in the Day case.

      Whiting, J., dissenting.

· Appeal from ·Circuit Court, Day County.    Hon. FRANK
ANDERSON, Judge.

· · Proceeding under the Workmen's Compensation Law, by
the Dependents of Claude L. Shaw, deceased, against The Fred
C. Harms Piano Company, a corporation, and the United States
Fidelity and Guarantee Company, a corporation, for recovery of
a claim for damages resulting from · the death of said decedent
through negligence of defendant· Piano Company. From a judg-
ment for plaintiffs by the circuit court upon appeal thereto from
the decision of the Industrial ·Commissioner, and from an order
denying a new trial, ·defendants appeal. · Reversed.

*Van Slyke & Agor,* for Appellants.

*C. E. Sutcliffe,* and *Waddel & Dougherty,* for Respondents.

(2) To point two of the opinion, Appellants cited: 6 Negligence and Compensation Cases, 548, and cases cited in note; 10 Id. 978; 14 Id. 86; City of Milwaukee v. Industrial Commissioner, 151 N. W. 247; Shaw v. Shaw (S. D.) 133 N. W. 292.

GATES, J. The decedent, Claude L. Shaw, was found dead adjacent to a highway near Webster, S. D., August 3, 1918. He was in the employ of the defendant piano company. Claim was made by his dependents for recovery under the Workmen's Compensation Law (Laws 1917, c. 376.) Failing to agree upon an award, the Industrial Commissioner was notified, and a board of arbitration was formed as provided by law. After hearing and considering the evidence, the board found that decedent lost his life on August 2, 1918, by the overturning of an automobile driven by himself, while he was under the influence of intoxicating liquor, upon a public highway near Webster, S. D., at about midnight, without the fault of any other person, and that he drove off the graded public highway, whereby the automobile was overturned, and his death occurred immediately thereafter. The board therefore found that there was no liability on the part of defendants for the death of said Claude L. Shaw. Upon review of such decision the above recited finding of the board of arbitration was approved by the Industrial Commissioner, and a further finding was made by him to the effect that decedent was not engaged in transacting the business of the defendant piano company at the time of the accident. The Industrial Commissioner therefore determined that there was no liability on the part of defendants. Appeal was taken to the circuit court within and for Day county. Upon the conclusion of the trial the court made findings of fact and conclusions of law favorable to plaintiffs, and entered judgment against defendants for $3,000. From the judgment and an order denying new trial defendants appeal.

[1] If the matter before us were to be determined by an answer to the question whether or not the evidence preponderated in favor of the decision of the trial court, we might be inclined to answer that question in the affirmative. But that is not the question before us. The question before the trial court was, and the question before us is, whether there was substantial credible evi-

dence supporting the findings of the Industrial Commissioner. After a careful study of the record we are forced to answer that question in the affirmative. The judgment and order appealed from must therefore be reversed, and the decision of the Industrial Commissioner affirmed. Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Min. Co., 43 S. D. 540, 180 N. W. 965; Paul v. Com., 288 Ill. 532, 123 N. E. 541; Crosaro v. Com., 38 Cal. App. 758, 177 Pac. 489; Bloomington-Bedford Stone Co. v. Phillips, 65 Ind. App. 189, 116 N. E. 850; Milwaukee C. & G. Co. v. Industrial Com., 160 Wis. 247, 151 N. W. 245; Jackson v. Iowa Tel. Co. (Iowa) 179 N. W. 849; Porter v. Industrial Com. (Wis.) 181 N. W. 317.

[2]  It is urged that the statute gives an appellant in the circuit court the right to a trial de novo.

The effect of the promulgation of the rule announced in Day v. Sioux Falls Fruit Co., supra, is to limit the review on appeal to the question whether there was substantial credible evidence supporting the findings of the Industrial Commissioner, thus eliminating a trial by jury in the circuit court. In view of the fact that the remedy under the Workmen's Compensation Act is not exclusive (Rev. Code 1919, § 9445,) no constitutional right is violated by a denial of jury trial on appeal (Moody v. Found, 208 Ill. 78, 69 N. E. 831; Shaw v. Shaw, 28 S. D. 221, 133 N. W. 292, Ann. Cas. 1914B, 554.)

[3]  The last sentence of section 9474, Rev. Code 1919, says:

"No party shall as a matter of right be entitled to a second hearing upon any question of fact."

Section 9180, Rev. Code 1919, authorizes appeals to the circuit court—

"under rules and regulations, consistent with the laws of this state, adopted and prescribed by the Supreme Court."

Section 9489, Rev. Code 1919, authorizes appeals to the circuit court and provides:

"Such appeal to be taken and prosecuted as provided in section 9180."

In view of these Code sections we are of the opinion that this court acted within its prerogative, and within the spirit of the Workmen's Compensation Law, in promulgating the rule announced in Day v. Sioux Falls Fruit Co., supra.

The judgment and order appealed from are reversed.

WHITING, J. (dissenting.) I cannot agree with 'the holding that the question before the trial court was "whether there was substantial credible evidence supporting the findings of the Industrial 'Commissioner." The statute gives a right to a trial de novo. To restrict the power of the circuit court, as my colleagues would, absolutely deprives the parties of a trial de novo.

This court erred in Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816. An examination of the cases cited in the opinion in that case discloses that the decisions in those cases were based upon statutes entirely different from our statutes. See subdivision (f), § 19, Ch. "Employment;" Laws Ill. 1915, p. 410; 1913 Statutes Cal. § 84, p. 318; 1915 Statutes Wis. § 2394; Code Supp. Iowa 1913, §§ 2477m24, 2477m33. In every one of these states, the statutes specifically deprive the trial court of all power except to review questions of law.

While this court is vested with the power to fix rules of .procedure on appeal from the Commissioners to the Circuit Court, it cannot, by rule, either limit or enlarge the jurisdiction of such court.