KAMMER, Respondent, v. QUIETT, et al, Appellants.

(19 N. W.2d 561.)

(File No. 8726.   Opinion filed July 27, 1945.)

**Caldwell & Burns**, of Sioux Falls, for Appellants.

**K. J. Morgan**, of Gettysburg, for Respondent.

SICKEL, J.  This is a proceeding under the Workmen's Compensation Law.  SDC 64.0101 et seq.  Plaintiff was the employee of defendant Quiett and the South Dakota Employers Protective Association insured the liability of defendant under the Workmen's Compensation Law.  Plaintiff's duty consisted of garage work and setting up farm machinery, then planting and cultivating crops.  In the fall of 1942 he operated Quiett's tractor and combine in harvesting crops belonging to Quiett and to others.  The plaintiff claims that on or about October, 14, 1942, and while so engaged, the rear wheel of the tractor operated by him dropped into a badger hole, threw him upon the edge of the tractor seat and thereby caused an injury at the base of the spine.  Plaintiff claims that this injury resulted in a perianal abscess, necessitating three surgical operations besides causing considerable expense and loss of time.  The Industrial Commissioner found the facts substantially as claimed by plaintiff, and awarded compensation in the sum of $651.35. Defendants appealed to the circuit court where the award was sustained.  Thereafter, defendants appealed to this court.

Appellants' first contention is that the evidence is insufficient to show that the employee's injury was due to accident traceable to a definite time, place, and occasion or event.  The rule is that:  "The sufficiency of the evidence before the industrial commissioner * * * is not subject to review, by an appellate court, where there is any reasonable or substantial evidence tending to establish the findings of the commissioner."  Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816, 818.

Respondent testified that on October 14, 1942, he was sitting on the tractor seat operating the tractor and combine; that the hind wheel of the tractor dropped into a

badger hole; that the spring on the seat bounced him out and he lit on the edge of the seat striking it with the end of his spine. He continued to operate the tractor and combine until he finished the harvest on October 25, 1942. After the accident considerable soreness developed and continued to increase, and he was unable to do any work after November 9. On that day he went to the hospital for three days, again on February 4, 1943, for ten days, and a third time on May 25, for two weeks, and each time he was given a surgical operation for the removal of the abscess. The defendant denied that he had hemorrhoids before the injury or that he rode the tractor standing up before the injury. There are some discrepancies in claimant's testimony, and some contradictions of his testimony by other witnesses. The Commissioner reached his decision upon evidence from which reasonable minds might draw different conclusions, and under such evidence the courts have nothing to say as to whom the Commissioner shall believe, or shall not believe. Thefindings of the Commissioner on this issue of fact are therefor sustained.

■ The appellants' next contention is that the evidence is insufficient to sustain the finding that the claimant was totally disabled for a period of thirty weeks, as found by the Industrial Commissioner. The claimant testified that he was totally disabled from November 9, 1942, to April 15, 1943, and did no other work during that time; that he worked in the field for himself and his son-in-law from April 15, 1943, until he went to the hospital again on May 25, that he was unable to do any work from then until June 29, 1943. The period from November 9, 1942, to June 28, 1943, inclusive, less forty days engaged in farming during April and May, leaves a disability period of approximately twenty-seven weeks.

■ Appellants' next contention is that the award of compensation at the rate of $15 per week is not supported by the evidence. Claimant started to work for the employer during the last week of November, 1941. He worked part time in the garage and in setting up farm machinery until about April 1, 1942. Then he worked at the planting and cultivation of crops and did some work in the garage

until harvest time. After that he operated a tractor and combine in harvesting crops. His wages in the garage and at planting and cultivating crops were 35¢ per hour. His wages in harvesting were $1 an hour. His earnings were as follows: November 1941, $5; December 1941, $72; January 1942, $23.50; February 1942, $57.50; March 1942, $47.25; April, May, June, July, August, 1942, for farming, he was paid $204.75 and for garage work, $42.07. For harvesting, to and including October 25, 1942, he received $320. He did one day's discing, and some garage work between October 25, and November 9, 1942.

The Commissioner found that claimant was injured on October 14, 1942, while engaged in harvesting, and concluded that he was entitled to compensation at the rate of $15 per week. A majority of the court are of the opinion that the award was made at the proper rate per week but are not agreed as to the reasons for so holding.

The cause is reversed and remanded for further proceedings in conformity with this opinion.

No costs shall be taxed in this court.

SMITH, P.J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY, J., not sitting.