VODOPICH, Employee and Respondent, v. TROJAN MINING COMPANY, Employer and Appellant.

(180 N. W. 965.)

(File No. 4732. Opinion filed January 15, 1921. Rehearing denied March 25, 1921.)

1.  **Personal Injuries—Workmen's Compensation Law—Employee's Release of Future Claim—Setting Aside Release For Fraud, Misrepresentation, By Industrial Commissioner, Refusal—Employee's Showing Of Misrepresentation, Whether Statute Requires—Industrial Commissioner's Duty—Equitable Grounds For Rejecting Release, When Showing Necessary.**

    An employee, as the result of an accident arising during his

employment, received legal compensation and medical relief as required by Workmen's Compensation Law to a certain date, when he returned to the employment; having, several months after quitting the services, signed a release of further claim on account of such injury; and thereafter petitioned the Industrial Commissioner to set aside the release on grounds of fraud and misrepresentation in its procurement, and asked for reopening of the matter and hearing before an arbitration board; Industrial Commissioner upon the hearing having found no evidence of fraud in securing release, and that the pain then suffered by employee was caused by flat feet instead of a sprain, such decision being reversed by circuit court on appeal. **Held,** construing Sec. 9448, Code 1919, providing that no contract or agreement express or implied, no rule, regulation or other device, shall operate to relieve any employer of any obligation created by the Act (Workmen's Compensation Act,) and Sec. 9467, providing that if an employer and employee agree concerning compensation under said law, a memorandum thereof shall be filed with the Industrial Commissioner by one of them, and unless commissioner shall, within specified time, notify the parties of his disapproval of the agreement, it shall stand as approved and be enforceable under the law,—that employee need not show that the release was procured by misrepresentation and that he signed same without knowing its contents, to justify reopening the cause; that the plain intent of said law is that while fraud and misrepresentation in obtaining such release is ground for setting it aside, yet an injured employee is not required to establish that an agreement for such release was by reason of the fraud, etc., in order to have cause reopened; and where such agreement is signed and approved by Industrial Commissioner, under Sec. 9467, equitable grounds for setting aside release must be established before cause can be reopened; that if employee believed results of the sprain were ended when he signed release, but it afterwards developed that further pain and suffering were attributable to the sprain, that would justify such reopening.

2.   **Same—Further Compensation—Injury, Whether Proximate Cause Of Present Disability, Showing Necessary Re "Injury"—Statute.**

After legal compensation and medical relief have been afforded employee after an accident occurred, he must, in order to become entitled to further compensation under said Act, show that the injury was the proximate cause of his present disability; construing Sec. 9490, Code 1919, providing that under said article unless context otherwise requires, an "injury" or "personal injury" shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury.

3. **Same—Injury, Whether Accelerating Present Condition Of Flat Feet, As Proximate Result Of Injury, Burden Of Proof Re—Evidence, Sufficiency.**

Assuming, without deciding, that if employee was afflicted with flat feet at time of injury, and that if injury accelerated or brought on present painful condition of his foot such disability would be held to be proximate result of injury; yet, employee failed to sustain burden of showing that the present condition of feet resulted from or was accelerated by the injury; no evidence appearing that he did not have flat feet prior to accident; since, aside from his testimony that present pain was occasioned by the accident, evidence of several physicians was that while accident might have accelerated or increased the painful condition, the accident had not done so; there was no clear preponderance against finding of Industrial Commissioner that the present pain was caused by flat feet instead of the sprain.

4. **Same—Industrial Commissioner's Finding Re Cause Of Pain, Court Review Of, When Permissible.**

The Industrial Commissioner having heard the evidence upon employee's petition for reopening the matter, he was in better position to judge of credibility of witnesses than was trial court, or Supreme Court; and (following Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816) the sufficiency of evidence before industrial commissioner, is not subject to review by an appellate court, where there is any reasonable or substantial evidence tending to establish commissioner's findings; which rule applies in the present case.

5. **Same—Further Compensation—Industrial Commissioner's Duty Re Reopening Cause And Submission to Arbitration Board—Final Determination By Commissioner, Authority Re—Statute.**

This not being a claim for compensation in first instance, it is immaterial whether the original claim was adjusted by agreement pursuant to Sec. 9467, Code 1919, providing in effect that if Industrial Commissioner does not disapprove of the agreement reached between employer and employee and filed with him, it shall stand as approved—or by arbitration pursuant to Secs. 9468, providing that if employer and employee fail to reach an agreement regarding compensation, Industrial Commissioner shall call for a formation of a board of arbitration, who (under Sec. 9469) shall take an oath, and (Sec. 9470) industrial commissioner shall request parties to appoint representatives on such board, and (Sec. 9471) providing that such board shall investigate, etc., and unless claim for review is filed, their decision shall be enforceable under said Act; and, the present application to reopen not involving amount of com-

pensation, question was whether applicant's showing before industrial commissioner justified reopening the cause; and held, that under Secs. 9464 and 9466, Code 1919, concerning duties and powers of Industrial Commissioner, and Sec. 9476, authorizing said Commissioner to review any payment payable under said law, and on such review to end, diminish or increase such payment, subject to maximum or minimum amounts provided for by said Act—he is empowered to reopen the cause and to decide the amount allowable the employee as further compensation; this being within the spirit of the Act instead of putting the parties to expense of a board of arbitration.

6.  **Same—Submission Of Matter To Arbitration, Industrial Commissioner's Erroneous Action Re, Unprejudicial Error—Commissioner's Revisory Power Over Arbitrators—Statute.**

Even if Industrial Commissioner should have submitted the question whether a proper showing for reopening the case had been made by employee, to the arbitration board, his determination was unprejudicial error; since, by Sec. 9474, Code 1919, the commissioner, when claim for review is filed, may hear and determine on evidence, all matters pertinent thereto, and may revise decision of arbitration board, or refer matter back to it for further findings, thus exercising revisory power over said board. Held, further, that it will be presumed that upon review he would have decided as he did.

7.  **Personal Injuries—Workmen's Compensation Law—Petition To Reopen Case Before Industrial Commissioner—Party Submitting Matter To Him, As Waiver Of Hearing Before Arbitrators.**

Where, under Workmen's Compensation Law (Secs. 9436-9491, Code 1919,) an employee petitioning the Industrial Commissioner to reopen the case, appeared in person and by counsel and submitted the matters to the commissioner, without objection to such hearing instead of by a board of arbitration under said Act, he may not complain of the commissioner's action; this although in his petition he asked that the matter be submitted to a board of arbitration.

Whiting, J., dissenting.

Appeal from Circuit Court, Lawrence County. Hon. James McNenny, Judge.

Application and petition by Matt Vodopich, under Workmen's Compensation Act, as Employee of the Trojan Mining Company, a corporation, Employer, before the State Industrial Commission, to have set aside petitioner's release of further claim for injury received by him as such employee, and for reopening

his claim for further compensation. The Industrial Commissioner having denied the petition, the circuit court upon appeal reversed said decision and remanded cause for further proceedings; from which judgment of circuit court the Trojan Mining Company appealed.    Reversed.

*W. G. Rice,* for Appellant.

*E. A. Steinback,* for Respondent.

(2) To point two of the opinion, Appellant cited: Bradbury's Workman's Compensation Law, Vol. 1, page 524; id, p. 70; Cline v. Studebaker Corporation, 155 N. W. 519 (Mich.).

Respondent cited: (Annotation-Workmen's Compensation, L. R. A. 1916 A 227).

(3) To point three, Appellant cited: Ramlow v. Moon Lake Ice Co., (Mich.) 158 N. W., 1027.

Respondent cited: Zappala v. Industrial Insurance Commission, 82 Wash. 314, L. R. A. 1916A 295; McKee v. Southern Electrical Co. 2 Cal. I. A. C. Dec. 805; Shields v. Miller, 2 Cal. I. A. C. Dec. 1032; Hunnewell's case (1915) 220 Mass. 351, 107 N. E. 934; LaVeck v. Park, Davis & Co., (Mich.) 157 N. W. 72, L. R. A. 1916D 1277; "Aggravation of pre-existing disease" in L. R. A. 1918F, Page 869, and page 896; Honnold on Workmen's Compensation, Vol. 1, Page 460, Section 125.

GATES, J. On May 13, 1918, Vodopich, respondent, suffered a sprained ankle from accident while in the employ of appellant. He received the legal compensation and medical relief required by the Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491) from that date until October 15, 1918, on which date he returned to the employ of appellant at the same wages he received prior to the accident. He continued in such employ until the latter part of February, 1919, On October 17, 1918, he signed a complete release of any further claim upon appellant on account of such injury, and made no claim for further compensation until March, 1919. In June, 1919, a petition was filed with the Industrial Commissioner asking that the release be set aside on the grounds of fraud and misrepresentation in its procurement, and that the matter be reopened and heard before a board of arbitration. A hearing was had upon said petition, and much testimony taken. The Industrial Commissioner found that

there was no evidence of fraud in the securing of the release, and that the pain then suffered by respondent was caused by flat feet, instead of the sprain, and denied the petition. Upon appeal the circuit court of Lawrence county reversed that decision, and remanded the cause for further proceedings. From the judgment of the circuit court the mining company has appealed to this court.

It is claimed by appellant that in order to justify the reopening of the cause it was incumbent upon respondent to show that the release was procured by misrepresentation, and that he signed the same without knowing its contents. This is not the law as applied to the Workmen's Compensation Act. Sec. 9448, Rev. Code 1919, provides:

"No contract or agreement, express or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this article except as herein provided."

Section 9467, Rev. Code 1919, provides:

"If the employer and employee reach an agreement in regard to the compensation under this law, a memorandum thereof shall be filed with the Industrial Commissioner by the employer or employee, and unless the commissioner shall within twenty days, notify the employer and employee of his disapproval of the agreement, by registered letter sent to their addresses as given on the memorandum filed, the agreement shall stand as approved and be enforcable for all purposes under the provisions of this article."

[1] We are of the opinion that it is the plain intent of the Workmen's Compensation law that, while fraud or misrepresentation in obtaining the release would be a ground for setting it aside, yet an injured employee is not required to establish the fact that an agreement for release of further liability was entered into by reason of the fraud or misrepresentation of the employer before he can have the cause reopened. Where such an agreement is signed and approved by the Industrial Commissioner under the provisions of section 9467, Rev. Code 1919, equitable grounds for setting aside the release must be established before the cause can be reopened. Foley v. Detroit United Ry., 190 Mich. 507, 157 N. W. 45. If in this case the employee believed the results of the sprain were ended at the time he signed the

35—Vol. 43, S. D.

release, but it afterwards developed that further pain and suffering were attributable to the sprain, that would justify the reopening of the case. Bradbury, Workmen's Compensation (3d Ed.) pp. 1137-1149.

[2] Appellant further contends that it would next be incumbent upon respondent to show that the injury was the proximate cause of his present disability, before he could be entitled to further recovery. With this contention we agree. Section 9490, Rev. Code 1919, provides:

"In this article unless the context otherwise requires: * * * 'Injury' or 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except as it shall result from the injury."

[3] Assuming, without deciding, that if respondent was afflicted with flat feet at the time of the injury and that if the injury accelerated or brought on the present painful condition of his right foot, such disability would be held to be the proximate result of the injury, yet respondent did not sustain the burden upon him of showing that the condition of flat feet resulted from or was accelerated by the injury. One physician was of the opinion that the condition of flat feet was of long standing. There was no testimony to the effect that respondent did not have flat feet prior to the accident. Aside from respondent's own testimony as to present pain, and that it was occasioned by the accident, the evidence of these several physicians was to the effect that, while the accident might possibly have accelerated or increased the painful condition arising from flat feet, it was to the effect that the accident had not done so. We cannot say therefore that the clear preponderance of the evidence was against the finding of the Industrial Commissioner. In fact we think it supports his decision.

[4] The Industrial Commissioner heard the evidence from the mouths of the witnesses. He observed their demeanor. He was in better position to judge as to credibility of the witnesses than was the trial court, or than is this court. In Day v. Sioux Falls Fruit Co., 177 N. W. 816, we said:

"The insufficiency of the evidence before the Industrial Commissioner, on the question of dependency, is not subject to review,

by an appellate court, where there is any reasonable or substantial evidence tending to establish the findings of the commissioner."

The same rule applies to the matter in hand. We do not doubt that if that decision had been handed down prior to the judgment of the trial court herein its judgment would have been an affirmance of the decision of the Industrial Commissioner. Another decision supporting the views of this court herein and in Day v. Sioux Falls Fruit Co., supra, besides those cited in the latter case, is Milwaukee Coke & Gas Co. v. Industrial Commission, 160 Wis. 247, 151 N. W. 245, where the court said:

"There is evidence in the case which supports the findings of fact made by the commission, hence it cannot be said that the board acted without or in excess of its powers, even though this court, if trying the fact, might reach a different conclusion. If there is any substantial, credible evidence supporting the findings of the commission, the courts cannot interfere."

[5]    See, also, Jackson v. Iowa Telephone Co. (Iowa) 179 N. W. 849.

It is urged that the Industrial Commissioner should, as a matter of course, have reopened the cause, and should have submitted the matters decided by him to a board of arbitration for decision.

This was not a claim for compensation in the first instance. Whether the original claim was adjusted by agreement under the provisions of section 9467, Rev. Code. 1919, or by arbitration under the provisions of sections 9468, 9471 does not appear. It is unimportant which method was followed. The present application to reopen the case did not involve a dispute as to the amount of compensation. The question was whether the applicant made such a showing before the Industrial Commissioner as would justify the reopening of the case. We are of the opinion that under the powers granted the Industrial Commissioner by sections 9464, 9466, and 9476 he had the power to make that determination, and that it is within the spirit of the Workmen's Compensation Act for him to make that decision, instead of putting the parties to the expense of a board of arbitration to make it.

[6, 7]    But even if he ought to have submitted that question to a board of arbitration, his determination was error without

prejudice. By section 9474 the Industrial Commissioner is given revisory power over the decision of a board of arbitrators. In view of his decision we must presume that upon review he would have decided as he did; consequently it does not appear that any prejudice resulted to applicant by his· taking unto himself the determination of the question. Furthermore, while in his petition to reopen the case appellant did ask that the question be submitted to a board of arbitration, yet he and his counsel appeared at the hearing before the Industrial Commissioner, and submitted the matter to him. No objection was made to the hearing of the petition by the commissioner instead of by a board of arbitration. Therefore applicant ought not at this time to be heard to complain thereof.

The judgment of the trial court is reversed.

WHITING, J. (dissenting.) I am of the opinion that, as a matter of course, the commissioner should have created a board of arbitration to consider respondent's claim for compensation; and that he should not have assumed the right to pass upon the very matters which the law contemplates shall be determined by such a board. In this case the commissioner went into every question that would properly have been before a board of arbitration. My colleagues hold that section 9474 gives the commissioner revisory power, and that, inasmuch as we must presume that he would, upon revision, have overturned any determination of a board, if it had chanced to differ from his views, the error, if any, in not creating a board, "was error without prejudice." If my colleagues are correct, it would never be reversible error for the commissioner to refuse to submit a claim to arbitrators and hear and determine it as sole arbitrator.

The evidence shows: That respondent was afflicted with flat feet prior to the accident; that, while it may be that the pain in the right foot originated from the flat feet, yet, that he is suffering a disability because of pain in that foot; that he suffers no pain in the left foot; that he has received no accident to the right foot other than the one that resulted in the sprain; that this injury must have been a severe one, as indicated by the length of time he suffered from the sprain; and that, while the pain may· be traceable to flat feet rather than to the sprain, yet the original cause thereof is traceable back to the accident and not

elsewhere. There is not a doctor or other party who testified that in his opinion, respondent would now be suffering these pains if it had not been for such accident.

I am of the opinion that the views of the trial judge, as expressed in his statements found in appellant's brief, are sound; that respondent is entitled to have a hearing before a board of arbitration; and that it is for such board of arbitration to determine the cause of this disability.