WAKEFIELD, Appellant, v. WARREN-LAMB LUMBER CO., Respondent.     (Wakefield, Intervener.)

## (194 N. W. 835.)

(File No. 5321.   Opinion filed July 19, 1923.)

1.  Master and Servant—Findings—Appeal and Error—Workmen's Compensation Act—Review of Finding in Compensation Case Limited to Question Whether There Was Substantial Evidence.

    On appeal from an award under the Workmen's Compensation Act based on a finding that a former marriage of deceased workman had not been dissolved, the question is whether there was substantial credible evidence supporting the finding.

2.  Master and Servant—Dependents—Appeal and Error—Marriage—Question of Dependency Held Not Reviewable Where Employer Did Not Complain.

    Where one claiming to be the widow of a deceased workman appealed from an award giving compensation to the intervener found to be his real widow, appellant could not question the finding that the intervener was a dependent, that being the employer's concern.

3.  Master and Servant—Evidence on Appeal Held Properly Excluded Under Workmen's Compensation Rule.

    On appeal from an award of compensation based on a finding that a former marriage of deceased workman had not been dissolved, evidence then for the first time offered, as to the law of marriage and divorce in state where deceased had resided, was properly excluded as additional evidence forbidden by Workmen's Compensation Rule 8.

Appeal from Circuit Court, Pennington County; Hon. Walter G. Miser, Judge.

Proceeding under the Workmen's Compensation Act by Eva Wakefield for the death of Hiram E. Wakefield, opposed by the

Warren-Lamb Lumber Company, employer, in which Ida M. Wakefield intervened. From a judgment of the circuit court confirming an award to the intervener, plaintiff appeals. Affirmed.

*Bangs & Wood,* and *Turner M. Rudesill,* all of Rapid City, for Appellant.

*Schrader & Lewis,* of Rapid City, and *C. B. Leedy,* of Arnett, Okla., for Respondent.

(1)   To point one of the opinion, Appellant cited: 38 Cyc. 1567; Adams v. Mining Company, 89 Pac. 624; National Cable Company v. Filbert (S. D.), 140 N. W. 741; Ernste v. Christianson (S. D.), 123 N. W. 711; Eggland v. South, 22 S. D. 467, 118 N. W. 719; Roberts v. Ruh, 22 S. D. 13, 114 N. W. 1097.

(2)   To point two, Appellant cited: 18 R. C. L. 416; Coal Run Co. v. Jones, 8 N. E. 865; First Jones on Evidence, Sec. 86; Bishop on Marriage, Divorce and Separation, Sec. 956; Piers v. Piers, 2 H. L. Cas. 331; Pittinger v. Pittinger (Colo.), 64 Pac. 195; Lewis v. Lewis (Okla.), 158 Pac. 95; In re Puser's Estate (Cal.), 159 Pac. 433; Smith v. Smith (Id.), 185 Pac. 67; Hale v. Hale (Okla.), 135 Pac. 1143; Thomas v. James (Okla.), 171 Pac. 855; Chancey v. Whinnery, 147 Pac. 1036; Long on Domestic Relations, Sec. 96; Farr v. Farr (Ia.), 181 N. W. 268; Tuttle et al v. Raish (Ia.), 90 N. W. 66.

Respondent cited: Goodwin v. Goodwin (Ia.), 85 N. W. 32; Williams v. Williams, 23 Wis. 111; Gilman v. Sheets (Ia.), 43 N. W. 299; Ellis v. Ellis (Ia.), 13 N. W. 65; Barnes v. Barnes (Ia.), 57 N. W. 851; In re Colton's Estate (Ia.), 105 N. W. 705; Cole v. Cole (Ill.), 38 N. W. 705; Whalen v. State, 12 C. C. Reports 584; Selegel v. Sisson et al, 8 S. D. 477; State ex rel v. District Court (Minn.), 166 N. W. 722; Hinchak v. Swift Co. (Minn.), 182 N. W. 622; American Co. v. Industrial Board, 279 Ill. 560, 117 N. E. 147; Neuman's Case, 222 Mass. 516, 111 N. E. 359; Munsay Co. v. Coffee (Ind.), 117 N. E. 524; Roma v. Industrial Commissioners, 97 O. S. 247.

GATES, J.   This is a proceeding, under the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq.), brought by the plaintiff, Eva Wakefield, the alleged widow of Hiram E. Wakefield, against the Warren-Lamb Lumber Company for compensation for the death of her alleged husband. Ida M. Wake-

field, claiming to be the real widow of deceased, intervened. The board of arbitration found that the intervener was the widow of deceased, and gave her an award on behalf of herself and minor daughter. On review by the Industrial Commissioner, at the instance of the plaintiff, the award was confirmed. Upon appeal to the circuit court, taken by plaintiff, the award was likewise confirmed. The plaintiff alone has appealed to this court.

The vital question before the board of arbitration and before the Industrial Commissioner upon review, as between the plaintiff and the intervener, was whether the marriage of the deceased to the intervener had been dissolved at the time a marriage ceremony was performed between the plaintiff and deceased. Both the board and the commissioner, upon review, found that the former marriage had not been dissolved.

[1] The vital question before the circuit court was, and now before this court is, whether there was substantial credible evidence supporting the findings of the board of arbitration and of the Industrial Commissioner upon review. Day v. Sioux Falls Fruit Co., 43 S D. 65, 177 N. W. 816; Vodopich v. Trojan Min. Co., 43 S. D. 540, 180 N. W. 965; Dependents of Shaw v. F. C. Harms Piano Co., 44 S. D. 346, 184 N. W. 204; Wilson v. Dak. Lt. & Power Co., 45 S. D. 175, 186 N. W. 828. Even if we should adopt the view of appellant, which we do not, that the presumption of legality of the second marriage overcomes the presumption of continuance of the first marriage, we could not say that there was not substantial credible evidence in support of the finding that the former marriage had not been dissolved at the time of the contraction of the second.

[2] Appellant questions the soundness of the finding that the intervener was a dependent of the deceased within the meaning of the Compensation Act. If appellant is not the widow of the deceased employe it is not her concern whether or not intervener was a "dependent." That was the concern of the employer, and the employer is not an appellant here.

[3] Appellant further complains of the refusal of the trial court to receive evidence, then for the first time offered, as to the law of marriage and divorce in certain states where deceased had resided. Workmen's Compensation Rule 8, promulgated by this court by the direction and authority of the Legislature, prescribes,

and wisely, we think (Cin. N. O. & Tex. Pac. Ry. v. Interstate Com. Com., 162 U. S. 196, 16 Sup. Ct. 700, 40 L. ed. 935), that no additional evidence shall be received in the circuit court beyond that which was before the board of arbitration or before the Industrial Commissioner on review. The trial court therefore did not err in that behalf.

Finding no error in the record, the judgment and order denying new trial are affirmed.

DILLON, J., not sitting.

Note.—Reported in 194 N. W. 835.  See, Headnote (1), American Key-Numbered Digest, Master and Servant, Key-No. 417(7.), Workmen's Compensation Act, Sec. 127; (2) Master and Servant, Key-No. 417(5), Appeal and Error, 4 C. J. Sec. 2594; (3) Master and Servant, Key-No. 417(5), Workmen's Compensation Act, Sec. 126.

On right and extent of review of findings of commission under Workmen's Compensation Acts, see notes in L. R. A. 1916A, 163, 266 and L. R. A. 1917D 186.