WIEBER, Respondent, v. ENGLAND et al, Appellants.

(216 N. W. 850.)

(File No. 5701. Opinion filed December 13, 1927.)

*Johnson & Simons,* of Sioux Falls, for Appellants.

*M. Q. Sharpe,* of Kennebec, for Respondent.

BURCH, J. On August 8, 1923, claimant C. H. Wieber filed a claim for compensation under the Workmen's Compensation Law against R. P. England and the Georgia Casualty Company. The claim was verified by claimant's attorney and alleged that the claimant, suffered an injury to the left eye, on the 13th of June, 1923, while in the employ of England. England carried workmen's compensation insurance in the Georgia Casualty Company. England and the insurance company resisted the claim and a board of arbitration was appointed to try the issues. The board decided in favor of claimant and on review before the industrial commissioner the order of the board was affirmed. Defendants appealed to the circuit court of Lyman county. The circuit court affirmed the decision and defendants appealed to this court from the judgment of the circuit court, and an order of that court denying a new trial.

By proper assignments of error appellants present several questions: They contend, first, that the board of arbitration did not make and file findings of fact and conclusions of law, and, for that reason, its award is a nullity, and the subsequent order of the

industrial commissioner and the judgment of the circuit court is also a nullity; second, that the industrial commissioner erred in not permitting appellant to introduce additional evidence on review of the award; third, that the defendants did not have a fair trial because the deputy industrial commissioner, who was one of the board of arbitrators, followed an ironclad rule to decide in favor of the employee and against the employer and insurance companies, whenever in doubt on a claim for compensation; fourth, that the trial court erred in denying appellant a jury trial; fifth, that in any event the judgment of the circuit court should be modified because the award provided for payment of the amount allowed in weekly sums of $15 a week, and the circuit court rendered judgment for the entire amount ($1,815) to be paid in a lump sum, with interest from the date of the award; sixth, that the evidence is insufficient to sustain the award, the order of the industrial commissioner, and judgment of the trial court.

In order that a discussion of these questions may be more readily followed a short statement of the proceedings, applicable to this case under the Workmen's Compensation Law is here given.

Section 9468, R. C. 1919, provides:

"If the employer and injured employee, or his representatives or dependents, fail to reach an agreement in regard to compensation under this article, either party may notify the industrial commissioner, who shall thereupon call for the formation of a board of arbitration, which shall consist of three persons, one of whom shall be the industrial commissioner, who shall act as chairman; the other two shall be named, respectively, by the two parties. If a vacancy occurs it shall be filled by the party whose representative is unable to act."

Section 9471, as amended by chapter 417, Laws 1921, provides:

"The board of arbitration shall make such inquiries and investigations as it shall deem necessary. * * * The decisions of the board, together with the statement of evidence submitted before it; its rulings, its findings of fact, its conclusions of law and other matters pertinent to questions arising before it, shall be filed in the office of the industrial commissioner. Unless a claim for review is filed by either party * * * the decision shall be enforceable under the provisions of this article."

Section 9474:

"If a claim for review is filed, the industrial commissioner shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the board of arbitration, in whole or in part, or may refer the matter back to the board for further findings of fact, and shall file its decision with the records of the proceedings and notify the parties thereof. No party shall as a matter of right be entitled to a second hearing upon any question of fact."

Section 9489 allows an appeal to the circuit court as provided by section 9180. That section (9180) provides:

That such appeals shall be "taken and prosecuted under rules and regulations, consistent with the laws of this state, adopted and prescribed by the Supreme Court."

This court has prescribed rules (Supreme Court Rules, pt. 3, Nos. 1-16, inc.). Rule 6 provides for certifying the record from the industrial commissioner to the circuit court. Rule 8, that the records so certified shall constitute the record upon which the appeal shall be determined, and no additional evidence shall be received in circuit court upon the trial of the appeal, whether the trial be had before the court or before a jury. Rule 9:

"Such appeals shall be heard and determined by the court without a jury, except in cases of appeal from an order or decision of the industrial commissioner where the right of trial by jury is preserved by the Constitution of this state. In such excepted cases the trial shall be by jury unless a jury be waived."

In short, proceedings under the Workmen's Compensation Law require a trial before a board of arbitration, where a record of the evidence, the rulings, findings of fact, conclusions of law, and other pertinent matters before the board must be preserved. All proceedings thereafter, either before the industrial commissioner on review or the courts on appeal, must be upon the record so taken and preserved. With the exception of the discretionary power of the industrial commissioner to allow additional evidence on review before him, the trial of issues of fact are confined exclusively to the board of arbitration. The board of arbitration is the trial forum for ascertaining the facts. If any additional evidence is taken before the commissioner on review, it supplements the record already taken. The review is in no sense

a trial de novo. In a number of cases (Day et al v. Sioux Falls Fruit Co. et al, 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Dependents of Shaw v. Harms Piano Co., 44 S. D. 346, 184 N. W. 204; Wakefield v. Warren-Lamb Lumber Co., 46 S. D. 510, 194 N. W. 835) this court held that the findings of the industrial commissioner will not be disturbed on appeal if there is any reasonable and substantial evidence tending to establish the commissioner's findings. That puts the findings of the board of arbitration and industrial commissioner upon the same plane as the verdict of a jury.

In Day v. Sioux Falls Fruit Co., supra, this court held that the Workmen's Compensation Law was intended to avoid delays and much of the technical formal procedure incident to trials before courts, and to establish more simple, speedy, less formal, and summary methods of procedure, unhampered by formal legal rules, for adjustment of such questions between employer and employee. But this court has not so far definitely stated the functions of the board of arbitration, industrial commissioner, and the courts. Neither have members of the bar having cases involving compensation under the Workmen's Compensation Law distinguished the functions of each, and, for that reason, there is a constant attempt to apply rules of procedure wholly inapplicable. To avoid further confusion, we analyze the law before entering upon a discussion of the errors assigned. When this is done, the proper disposition of many of the assignments will become obvious without extended comment.

 The proceedings before the board of arbitration and industrial commissioner are not court proceedings, but are proceedings in arbitration. Arbitration was known to the common law and was sanctioned as an inexpensive, informal, and prompt method of settling disputes. But the award was not a judgment and could be enforced only by a suit at law; the award being substituted as a basis of the suit instead of the unsettled rights of the parties. Statutes governing arbitration have been passed in many, if not all, the states of the Union. The Workmen's Compensation Law contains special provisions governing arbitration of certain disputes between employers and employees, the object of which is to preserve all the advantages of inexpensive, prompt, and informal settlement of such disputes. The award, however, is not

a judgment, but under section 9475, R. C. 1919, may be entered as a judgment without suit in the circuit court, where no demand for review is made or appeal taken. But, if an appeal is taken, the award with the entire record comes into court for review, but not as an original action on the award. The award on the review must stand or fall upon the record made, which the statute provides shall contain a statement of the evidence, rulings, findings of fact, conclusions of law, decision, and other matters pertinent to questions arising before the board of arbitration. The court proceeds, not as in an original action, nor as in certiorari, but as on appeal from a trial court of record, and rules applicable to appellate courts must govern.

Having in mind the purpose of the law and the character of the proceedings thereunder we proceed to consider appellants' assignments of error. On the question of the right to a trial by jury this court, in Dependents of Shaw v. Harms Piano Co., held that dependents of an injured employee were not entitled to a jury trial. The reason given was that the remedy under the Workmen's Compensation Act was not exclusive. Whether this reason is applicable to an employer on his demand for a jury need not be decided. Appellants' demand for a jury was as follows:

"Said defendants hereby give notice that they demand that they be granted a trial de novo before a jury."

This was not a specific demand for a trial on the record by a jury. Coupled with the condition that a trial de novo be allowed, it was a conditional demand and there was no error in denying it.

But there is another reason why a jury may not be demanded on appeal in circuit court in any case. On appeal the circuit court is not a trial court. Under the rule announced in Day v. Sioux Falls Fruit Co., supra, there is no room for a trial of facts in that court. In Bragstad v. Integrity Mut. Cas. Co., 212 N. W. 864, we held that there was no necessity for findings of fact by the circuit court; for the same reason there could be no need of the verdict of a jury, and, since the court cannot disturb the findings of the board of arbitration and industrial commissioner if there is any reasonable, substantial, and dependable evidence to support them, and no new evidence can be received on appeal, the case must necessarily turn upon questions of law. Such questions

are not triable to a jury. The only place where a jury could be used is in the trial forum. It cannot be used there because of the provisions of the Workmen's Compensation Law. In this state that law is elective. Employers and employees operating under it do so voluntarily and the law becomes a part of the contract of employment and a jury trial is thereby waived.

In regard to appellants' contention that they did not have a fair trial, because the industrial commissioner followed an ironclad rule to decide in favor of the employee when in doubt, we have this to say: Although section 9466, R. C. 1919, provides that "the commissioner may make rules and regulations, not inconsistent with the laws of this state, for carrying out the provisions" of the Workmen's Compensation Act, we do not understand the rule complained of was a rule of the commissioner. From the record it appears that the action of the deputy, if he did so act, was merely a personal rule of conduct or habit on his part, for determining doubtful cases, and we will so treat the objection. Appellants simply charge misconduct on the part of one of the board. Whether this could be reviewed upon an affidavit of another member of the board need not be decided, as there are other questions determinative of this appeal. But we take this opportunity to state what should be the attitude and conduct of all members of the board of arbitration in the trial before them. Since the trial before the board and the industrial commissioner determines facts upon which subsequent proceedings depend, it is very important, and justice demands, that the true facts be found as far as it is humanly possible to do so. The trial forum should therefore be strictly impartial, uninfluenced by fear, favor, or friendship, and the facts should be truly found from a preponderance of the evidence. The courts accept the findings as the truth and are powerless to correct the injustice on appeal, if there is any substantial evidence to support the findings. The responsibility of the trial of facts is therefore upon the board and commissioner and cannot be passed on for correction on appeal.

The most important question on this appeal is, Were the findings of fact made by the board of arbitration and industrial commissioner sufficient to support the conclusions and award? This court has sought to give full effect to the intent and purpose

of the Workmen's Compensation Law and to avoid all technical rules that may cause delay or hinder prompt settlement of disputes.

The facts as shown by the record disclose that respondent, just prior to accepting employment with appellant England, was in the employ of one Traphagen, engaged in hauling sand. It is claimed Traphagen carried no workmen's compensation insurance and was not financially responsible. The evidence as to the date when respondent commenced work for England is somewhat conflicting. The books of England show the morning of June 14, 1923, to be the date. Counsel for respondent in his brief tacitly concedes this to be the correct date. Shortly after commencing work on the morning of the 14th, if that be the true date, the respondent claims that, while breaking rock with a pick a piece of the rock flew into his eye seriously injuring it; that by noon of that day his eye was in such an inflamed condition that he went to the sanatorium at Chamberlain to consult a doctor. He did not do any more work for England on that day or thereafter. He was under the care of a physician for a considerable time and lost the sight of his left eye. The hospitable records show that he was examined on the morning of the 14th of June and that the injury was received on the 13th. The doctor testified that the date of the injury shown on the record was from a statement of respondent made at the time of his examination.

The sole question of fact is, Did respondent receive the injury on the 13th while hauling sand for Traphagen, or did he receive it on the morning of the 14th while working for England? There is evidence that the date on the hospital records is a mistake and respondent swears positively that his injury occurred while breaking rock in the employ of England. The findings of the board of arbitration are meager. On this issue they are as follows:

"That C. H. Wieber suffered a personal injury on or about the 13th day of June, 1923, in the course of and arising out of his employment by O. C. Cleland, as subcontractor under R. P. England, resulting in loss of sight of his left eye."

The industrial commissioner's findings are substantially the same. With the exception of the date the finding is no more than a conclusion. So far as the date is fixed it supports appellant's position, namely, that respondent was injured on the 13th while working for Traphagen, and not on the 14th, when he commenced

work for appellant. True, it makes no difference as to his right to recover whether he was injured on the 13th or the 14th, if he was injured while in the employ of appellant; but it does make a vital difference to the reviewing court in testing the sufficiency of the evidence, because we must first know what evidence the board accepted as true and what they rejected as false. In other words, if we are to say whether or not there is substantial credible testimony to support a finding, there must be a definite finding. Because there are no sufficient findings on the vital issue the award cannot be sustained.

The circuit court erred in affirming the action and award of the board of arbitration and industrial commissioner. Its judgment is therefore reversed, and the award is vacated and set aside, without prejudice to further proceedings before the industrial commissioner to settle the rights of the parties under the Workmen's Compensation Law.

CAMPBELL, P. J., concurs in result.

POLLEY, and SHERWOOD, JJ., concur.