WIEBER, Respondent, v. ENGLAND, et al, Appellants

(238 N. W. 25.)

(File No. 7069.   Opinion filed September 21, 1931.)

*Theodore R. Johnson,* of Sioux Falls, for Appellants.

*M. Q. Sharpe* and *L. Bridgman,* both of Kennebec, for Respondent.

WARREN, J.  Claimant, Charles H. Wieber, filed a claim for compensation against R. P. England and Georgia Casualty Company.  He alleged that he sustained and suffered an injury to his

left eye, that arose out of, and in the course of, his employment. The particular date of the injury will receive our attention later; however, it took place either on the 13th or 14th of June, 1923.

. Workmen's Compensation insurance was carried by England in the Georgia Casualty Company. Both defendants resisted the claim and a board of arbitration was appointed to try the issues. The first board decided in favor of claimant, and on review the Industrial Commissioner affirmed the order of the board. The case was appealed to the circuit court, who affirmed the prior proceedings. An appeal was taken from the circuit court to the Supreme Court, and on the 13th of December, 1927, the judgment of the lower court was reversed and the award was vacated and set aside without prejudice, and remanded for further hearing before the Industrial Commissioner to ascertain the rights of the parties. For a full statement of facts, see Wieber v. England et al., 52 S. D. 72, 216 N. W. 850, 854.

The first board of arbitration, with one of its members dissenting, awarded compensation. When this matter was before the Supreme Court, this court said: "The sole question of fact is, Did respondent receive the injury on the 13th while hauling sand for Traphaggen, or did he receive it on the morning of the 14th while working for England?" That seems to be the vital question that we are now to determine.

The hearing, after the decision of this court, was held before the Industrial Commissioner, in lieu of a board of arbitration. The commissioner found on the only disputed question of fact that claimant's alleged injury was sustained while working for W. H. Traphaggen on June 13, 1923, and that the alleged injury did not occur on June 14, 1923, while he was working for O. C. Cleland, as subcontractor. We have carefully reviewed the evidence submitted before the Industrial Commissioner, and while claimant's evidence in places is quite positive, yet his evidence is squarely contradicted by a number of witnesses who testified that the claimant complained on the 14th of June, of "having got something in his eye, while working in the gravel pit on the day before, June 13, 1923, and that the claimant wanted one of the witnesses to look at it and see if he could see anything and get it out, and that the claimant told him that his eye troubled him the night before."

There is also the testimony that claimant worked for Traphaggen on June 13, 1923.

It is not necessary to dwell at any great length as to the weight that is to be given to the evidence in this case, nor to the nature of the injury. There is nothing in the medical testimony which could assist in arriving at just how the injury was received, whether by gravel in his eye or that something flew into his eye while he was at work, swinging a pick and splitting rock. The Industrial Commissioner heard the evidence, and saw the witnesses. After hearing the testimony and listening to the arguments of counsel, he chose to believe the witnesses that related and testified that the injury took place on June 13, 1923. In this, we believe the evidence was ample and preponderates in favor of the defendants. He made his findings of fact and thereupon his conclusions of law and his order denying the award. Thereafter he made his order affirming his decision. Thereafter there was an appeal to the circuit court. The circuit court considered the matter in May, 1929. The record of the testimony introduced before the Industrial Commissioner was read and the trial court entered a decision in favor of said claimant, reversing said Industrial Commissioner and granting a new trial upon the issue notwithstanding the verdict of the board of arbitration and the subsequent decision of the Industrial Commissioner. The evidence before the learned trial court was the same as that before the Industrial Commissioner. It therefore seems to be a case where two minds receive different impressions and, from said impressions so made upon their minds, arrive at a different conclusion. That situation being now before us, we will inquire into the purpose of the Industrial Commissioner and the circuit court and the duties of each. This court, in its first decision, clearly expounded the law relating to the trials before the Industrial Commissioner and the duties of the board of arbitration, and what was said by the court in that decision is again reiterated as being the law in this case.

■■ The undisputed facts appearing in the records of the first appeal will be taken as true in the second appeal, and in this case, the evidence now preponderates more strongly in favor of the defendants than when it was before this court for the first time. In Wright v. Lee et al., 10 S. D. 263, 265, 72 N. W. 895, 896, this court said: "In our former opinion, reported in [Wright

v. Lee], 2 S. D. 596, 51 N. W. 706, and again, on rehearing in 4 S. D. 237, 55 N. W. 931, the facts are fully stated; and some of the legal propositions here discussed in the briefs of counsel are there determined, and which, so far as applicable to the questions now presented, will govern as the law of the case. [Plymouth County] Bank v. Gilman, 3 S. D. 170, 52 N. W. 869 [44 Am. St. Rep. 782]; [St. Croix] Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073."

In Bem et al. v. Shoemaker et al., 10 S. D. 453, 455, 74 N. W. 239, this court stated its position as follows: "We had supposed the doctrine that a point decided on a former appeal became the law of the case was so firmly established as not to be questioned in a second or any other appeal involving any branch of the case. This court has so held in these cases. [Plymouth County] Bank v. Gilson, 3 S. D. 172, 52 N. W. 869 [44 Am. St. Rep. 782]; [St. Croix] Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hanson, 8 S. D. 375, 66 N. W. 1073."

Can the insufficiency of the evidence be reviewed where there is reasonable or substantial evidence tending to establish the findings of the commissioner? This legal proposition has been before the court upon a number of occasions, and answered in the followings cases: In Vodopich v. Trojan Mining Co., 43 S. D. 540, 547, 180 N. W. 965, 967, this court quoted with approval a Wisconsin case: "Milwaukee Coke & Gas Co. v. Industrial Commission, 160 Wis. 247, 151 N. W. 245, where the court said: 'There is evidence in the case which supports the findings of fact made by the commission, hence it cannot be said that the board acted without or in excess of its powers, even though this court, if trying the fact, might reach a different conclusion. If there is any substantial, credible evidence supporting the findings of the commission, the courts cannot interfere.'" See also the Dependents of Claude L. Shaw, Deceased, v. Freeman C. Harms Piano Co. et al., 44 S. D. 346, 348, 184 N. W. 204, in which this court said: "The question before the trial court was, and the question before us is, whether there was substantial credible evidence supporting the findings of the Industrial Commissioner. After a careful study of the record we are forced to answer that question in the affirmative. The judgment and order appealed from must therefore be reversed, and the decision of the Industrial Commissioner affirmed. Day v. Sioux

Falls Fruit Co., 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Paul v. [Industrial] Com., 288 Ill. 532, 123 N. E. 541; Crosaro v. [Industrial Acc.] Com., 38 Cal. App. 758, 177 P. 489; Bloomington-Bedford Stone Co. v. Phillips, 65 Ind. App. 189, 116 N. E. 850; Milwaukee C. & G. Co. v. Industrial Com., 160 Wis. 247, 151 N. W. 245; Jackson v. Iowa Tel. Co. [190 Iowa, 1394], 179 N. W. 849; Porter v. Industrial Com. [173 Wis. 267], 181 N. W. 317." Also in Ross v. Independent School District, 49 S. D. 491, 207 N. W. 446, 447, this court said: "This court has gone a great way in holding that the findings of the Board of Arbitration and of the Industrial Commissioner upon review will not be here reviewed, if there was any substantial, credible evidence to support the same." We therefore hold where there is any reasonable or substantial evidence tending to establish the findings of such a board and commissioner, such findings are not subject to review and in this case we must hold with the commissioner.

Every proceeding in which facts are at issue contemplates that some judge or jury, or other official created for that purpose, should pass upon the credibility of the witnesses and determine the facts of the case. The order of the circuit court is reversed, and the cause remanded to the circuit court, with directions to reinstate the order of the Industrial Commissioner and to dismiss plaintiff's claim upon its merits, consistent with the findings, conclusions of law, and order of the Industrial Commissioner, denying said claim for compensation.

POLLEY, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.