DETLING, Respondent, v. TESSIER, et al, Appellants.

(240 N. W. 598.)

(File No. 7262.   Opinion filed February 5, 1932.)

*Van Slyke & Agor,* of Aberdeen, for Appellants.
*Max Stokes,* of Aberdeen, for Respondent.

CAMPBELL, P. J.   Respondent Detling appealed to the circuit court of Brown county, S. D., from a certain order of the industrial commissioner in a workmen's compensation matter. Findings, conclusions, and judgment upon such appeal were entered by the learned circuit judge.   Appellants thereupon sought to move for new trial in the court below and have now undertaken an appeal to this court from the judgment and from the denial of their motion for new trial.

The matter is now pending here on two motions.   Respondent · has moved to dismiss the appeal to this court, and appellants in turn have moved for leave to correct and amend their proceedings for settlement of the record if the same be deemed insufficient.

■ Upon appeal to the circuit court from a decision of the industrial commissioner in a workmen's compensation case, that court sits as a reviewing court (Wieber v. England, 52 S. D. 72, 216 N. W. 850) and hears the matter upon the record certified by the industrial commissioner (rule 8, Appeals from Commissioner of Insurance, 40 S. D. preliminary page 39) and can receive no additional evidence outside the record so certified (Wakefield v. Warren-Lamb Lumber Co., 46 S. D. 510, 194 N. W. 835).

■ The record certified to the circuit court by the industrial commissioner is a paper involving the merits and necessarily affecting the judgment, and therefore becomes part of the judgment roll (Section 2568, subd. 2, Rev. Code 1919), of the circuit court if a judgment is entered by that court.

■ The judgment roll therefore contains all the evidence, and whether such evidence justifies the determination of the circuit court may be determined upon proper assignment of error upon appeal from the judgment alone without motion for new trial and without the necessity for any settlement of a record under section 2546, Rev. Code 1919.

It might be necessary to settle a record, in part at least, for the purpose of obtaining review of the rulings of the trial court upon admissibility of evidence (see rule 13 for Appeals from Commissioner of Insurance) or other matters of that sort occurring during the hearing in circuit court and not appearing either from the certified record of the industrial commissioner, the verdict or finding, or the conclusions or judgment; but appellants here do

not seek to review any such matters. If the judgment roll contains, as it should everything certified to the circuit court by the industrial commissioner, then that judgment roll properly completed contains everything requisite for the determination on appeal from judgment of all errors now claimed by appellants.

Both motions are denied, without cost to either party.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.