DETLING, Respondent, v. TESSIER, et al, Appellants.

(244 N. W. 538.)

(File No. 7262. Opinion filed October 10, 1932.)

See, also, 59 S. D. 467, 240 N. W. 598.

*Van Slyke & Agor,* of Aberdeen, for Appellants.
*Max Stokes,* of Aberdeen, for Respondent.

WARREN, J. This is an appeal in an action for compensation under the workmen's compensation laws of the state of South Dakota.

Claimant sustained an injury on January 12, 1927, during the course of his employment with the defendants. On May 17, 1927, the claimant filed a notice claiming compensation for permanent injury to his back for both temporary total disability and permanent injury. A hearing was had before Industrial Commissioner Travis, who filed his award and findings of fact on the said claim, which findings read as follows: "The testimony at the hearings show an accidental injury to the claimant which arose out of and in the course of his employment, resulting in an injury which caused total permanent disability up to the date of the hearing, June 9, 1927, and further causing partial disability to his back, which is indefinite as to continuance of the condition so existing. The finding is that Philip Detling was entitled to compensation at the rate of $7.92 per week from the date of the injury Jan. 12, 1927, up to the date of the hearing, June 9, 1927, for partial permanent disability, and that such condition had ended at such time. That on account of the injury, there is a partial permanent disability continuing, but that it is of such nature that no definite percentage can be fixed at this time and payments are to continue at the rate of $7.92 per week until further order of the Industrial Commissioner upon review hearing which may be demanded by either claimant or insurer."

The conclusions of law were that the claimant was entitled to compensation under the provisions of subdivision r of paragraph 5, § 9459, South Dakota Revised Code (chapter 310, Session Laws 1923). This order containing the above statements was affirmed on a review hearing held before Industrial Commissioner Travis, and the order so affirming was dated August 24, 1927, in which it is recited, among other things: "That the award made at the

time of the hearing, June 9, 1927, is hereby affirmed and approved in all particulars, subject to the requirements and limitations of the South Dakota Workmen's Compensation act as to further payments."

From this decision of Commissioner Travis on review, the cause was appealed to the circuit court, where Judge Gardner affirmed the decisions of Commissioner Travis. No appeal was taken from the decision of Judge Gardner.

The next step in this litigation was a hearing before Industrial Commissioner F. L. Perry, on the 22nd of June, 1929. Findings on this hearing were made under date of October 2, 1929, and such findings recite in part:

"The hearing was for the purpose of establishing the amount of partial permanent disability subsequent to June 7, 1927; the amount of temporary total disability having been established in the hearing before the industrial commissioner on June 9, 1927, and upon appeal affirmed by the Circuit Court of Brown County, South Dakota. * * *

"That the plaintiff was immediately taken to St. Luke's hospital; that plaintiff was given medical attention by Dr. H. I. King. That Dr. King instructed and advised plaintiff as to care and exercising of his body. That the plaintiff left St. Luke's hospital on the fifth day after his injury without advice of the attending physician.

"That the plaintiff neglected and disobeyed the instructions and advice of his attending physician. That the plaintiff attended many dances and danced. That the plaintiff repeatedly used intoxicating liquors and was found drunk.

"That the plaintiff was employed at times in doing heavy manual labor. That the defendants have paid plaintiff's compensation in the total amount of $473.08; $169.20 of which was paid for a period of temporary total disability from January 12, 1927, to June 7, 1927, and affirmed by the Circuit Court of Brown County, and the balance of such payments, $308.88, was paid as partial permanent disability for the period of June 8, 1927, to March 13, 1928.

"That defendants have paid for medical services the sum of $110.58. That defendants have paid for hospital service the sum

of $75.75. That defendant was supplied medical and hospital service for a period in excess of 12 weeks."

Among the conclusions of law, Commissioner Perry set forth: "That claimant is not entitled to compensation in excess of the amount ordered paid by the industrial commissioner in his decision of July 7, 1927. Further, it is ordered, adjudged and decreed that claimant, Philip Detling, is entitled to the sum of $7.92 per week computed from June 8, 1927, to June 21, 1929, inclusive, except legal holidays and Sundays, until the sum of $822.32 has been paid; $303.58 of which amount has been paid, leaving a balance of $518.48, which latter amount the commissioner settled as an equivalent lump sum at the sum of $501.79 payable forthwith."

On October 9, 1929, claimant filed a petition for review in which he asked permission to show that his physical condition and general health had failed since the hearing of June 22, 1929. A rehearing was had pursuant to that request, at which additional testimony was received at great length. At the close of this rehearing, the commissioner made and filed his order dated June 30, 1930, and readopted the former order.

Claimant then gave notice of appeal on July 16, 1930, to the circuit court, appealing from said orders of the industrial commissioner of October 9, 1929, and June 30, 1930. The circuit court, sitting without a jury, rendered a judgment reversing the industrial commissioner's and entered its own findings and conclusions, awarding a substantial increase amounting to the total sum of $3,000, less payments which had .been made up to the time of the trial by the defendants.

From the decision of the circuit court, the defendants have perfected their appeal to this court.

Appellants' assignments of error all involve directly or indirectly the power of the circuit court to supplant the findings and award of the industrial commissioner.

This court has on a number of previous occasions held, and we now adhere, to the rule of law that the findings of the industrial commissioner will not be disturbed on appeal if there is any reasonable, credible, and substantial evidence tending to establish the commissioner's findings. Wieber v. England, 52 S. D. 72,

216 N. W. 850; Id., 59 S. D. 1, 238 N. W. 25; Day et al v. Sioux Falls Fruit Co. et al, 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Dependents of Shaw v. Freeman C. Harms Piano Co., 44 S. D. 346, 184 N. W. 204; Wakefield v. Warren-Lamb Lumber Co., 46 S. D. 510, 194 N. W. 835; Ross v. Independent School District, 49 S. D. 491, 207 N. W. 446; Cassels v. H. W. Cassels & Co. et al, 59 S. D. 643, 242 N. W. 587.

We are then confronted with the question as to whether or not there was any reasonable, credible, or substantial evidence before the industrial commissioner to sustain his findings and award. The circuit court by its third finding of fact did not so believe, and found: "That no evidence was offered before the Industrial Commissioner to support his findings and order dated the 2nd day of October, 1929, and June 30, 1930, except as hereinafter found."

We have therefore carefully examined the evidence and testimony as presented by the briefs of appellants and respondent with respect to the sufficiency of the evidence. The facts indicate that the respondent was injured on January 12, 1927. He was confined to the hospital, but left there on the fifth day without his doctor's order. The doctor advised his wearing a brace and having a certain operation performed on his back. The respondent refused to wear the brace, although he did wear a belt for a short time. There is evidence that the respondent neglected and disobeyed the advice and instructions of his attending physician. The respondent himself testified that he went to dances about once a week; that his back pained him while he was dancing; that he drank intoxicating liquor and was drunk about twice a month; that he was in jail three times for drunkenness and once for twenty-five days where he slept and laid around on concrete floors; that he engaged in fights, and was once hit over the head with a steel coal scoop while so fighting; that he did various work requiring heavy manual labor such as delivering groceries and sacks of flour, driving tractors, pitching bundles in a harvest field, and lifting and moving a base of a furnace. He was seen doing these things, and also was seen hoeing in a garden and cranking a car. There is ample testimony by others in support of his willful disregard of

his physician's advice and instructions. All these things occurred subsequent to his injury and prior to the final hearing before the industrial commissioner. There is also the testimony of several physicians who examined the respondent, including the testimony of respondent's attending physician, in which they all seemed to be of the same opinion, that the respondent by his conduct and willful disregard of advice and instructions has probably aggravated his injuries, and that, if he had obeyed his physician's instructions, he probably would have been partially if not completely cured by the time of his last hearing before the commissioner.

The hearing before Commissioner Perry on June 22, 1929, "was for the purpose of establishing the amount of partial permanent disability subsequent to June 7, 1927; the amount of temporary total disability having been established in the hearing before the industrial commissioner on June 9, 1927, and upon appeal affirmed by the circuit court of Brown County, South Dakota." With the facts as stated above, we believe there was ample testimony before the industrial commissioner upon which he might base his order of October 2, 1929, and affirming order of June 30, 1930, in which the industrial commissioner denied to the respondent further compensation other than that ordered by Commissioner Travis in his decision of July 7, 1927. Commissioner Perry denied to the respondent partial permanent disability subsequent to June 7, 1927, on the grounds that the respondent had by his own conduct and willful disregard of his physician's advice and instructions aggravated his own injury. The respondent owed a duty not only to his employer, but also to himself and his family, to restore himself to perfect health as speedily as possible, and to that end he should be required to act reasonably, which it is apparent he has wholly failed to do. Chicago Bridge & Iron Works v. Sabin, 105 Okl. 62, 231 P. 851, 853.

An injured workman cannot recover compensation for an increase of disability due to his failure to use ordinary care to avoid aggravating the injury. Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319, 153 P. 24.

"Injury aggravated or extended in time by the employee's neglect or disobedience of his physician's instructions is not compensable as to the additional period. * * * The proposition that

one may continue, or even increase, his disability by his willful and unreasonable conduct, and then claim compensation from his employer for his disability so caused, is untenable." Honnold on Workmen's Compensation, vol. I, § 137, pp. 521, 523.

The denial of such further compensation by the industrial commissioner was well founded upon the evidence and was not unreasonable. The circuit court should have sustained the findings of the commissioner.

For all the reasons above stated, we believe that the circuit court erred in its findings and increase of award. The industrial commissioner should have been sustained.

The judgment and order appealed from are reversed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., not sitting.