SPITZER, Appellant v. WOLFF BROTHERS, INC., et al.,
Respondents

(121 N.W.2d 7)

(File No. 10040. Opinion filed April 11, 1963)

Rehearing denied May 2, 1963

**Paul O. Kretschmar,** Eureka, for Appellant.

**Howard B. Crandall,** Sioux Falls, for Respondent.

BIEGELMEIER, J. This is a proceeding to recover under the Workmen's Compensation Law for an injury of claimant on October 10, 1958. At the first hearing the Industrial Commissioner found claimant was totally and permanently disabled and made an award on that basis, which was appealed by the insurer to the circuit court. Because "the Commissioner further found that only twenty per cent of such total disability may be attributed to the accidental injury," that court set aside the award and remanded the proceeding back to the Commissioner for further hearing to determine to what extent, if any, the injury aggravated other preexisting physical condition of claimant and upon what factors an award would be based. Further evidence was then taken. The Commissioner entered findings of fact, conclusions of law and an award, in addition to the compensation benefits theretofore paid, of 20% of total disability and directing the sum of $2,000 to be paid claimant in a lump sum. Claimant appealed to the circuit court which affirmed and has now appealed to this court.

There is no dispute claimant was 62 years of age at the time of the accident and his back was injured in the course of his employment; this resulted in surgery to remove a disc. At the time of his injury and subsequent thereto the Commissioner found claimant was suffering from gall stones, calcified aorta and pelvic vessels, osteoarthritis and arrythmia; that neither the injury of October 18, 1958, nor the subsequent back operation aggravated or accelerated t h e named afflictions and claimant was not totally or permanently disabled as a result of the injury or subsequent operation, that they did cause a permanent and partial disability because of pain and limitation of motion in an amount not to exceed 20% of total disability. Claimant challenges the findings and argues the evidence is insufficient to support them.

■ ■ Findings of fact of the Commissioner supported by substantial, creditable and reasonable evidence must be sustained. Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191. The evidence is examined in that light. An orthopedic specialist examined claimant in 1960; he testified at both hearings that in his opinion claimant was not totally disabled, that he had partial permanent disability of twenty per cent of his whole body on the

basis of the disc injury and this was due to the pain and limitation of motion in that area; that he could do some kind of work and indicated those fields; that the injury did not in any way cause or aggravate his physical condition and other ailments existing at that time. Another doctor testified similarly. There was other evidence from which the Commissioner could have made different findings, which under the Edge and similar decisions a court on review would leave undisturbed. The circuit court reviewed and declined to set aside the Commissioner's findings as to disability and we are unable to do so under this record. Cf. Wieber v. England, 52 S.D. 72, 216 N.W. 850; Id., 59 S.D. 1, 238 N.W. 25.

██ Claimant asserts the Commissioner was in error when he entered the award for 20% of total disability in a lump sum of $2,000. He evidently did this pursuant to SDC 1952 Supp. 64.0403(5) as amended by Ch. 494, Laws of 1957, which read as follows:

"In case of complete disability which renders the employee wholly and permanently incapable of work, compensation shall be paid equal to fifty-five per cent of his earnings but not less than fifteen dollars nor more than thirty dollars per week, commencing on the day after the injury and continuing for three hundred weeks and thereafter compensation shall be paid equal to twenty per cent of his earning, but not less than twelve dollars nor more than fifteen dollars per week for life; provided, that the maximum amount of compensation to be paid under this section shall not in any case exceed the sum of ten thousand dollars ($10,000.00)."

In our opinion SDC 64.0403(3) applies to this claim which then read:

"If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in subdivision (4) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in subdivisions (1) and (7) of this section, equal to one-half of the difference between

the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. * * *"

An award of a lump sum cannot be made except upon petition of an "employer, employee or beneficiary" upon proper notice and showing as therein set out. SDC 1960 Supp. 64.0510; see also Wulff v. Swanson, 69 S.D. 539, 12 N.W.2d 553. No such petition was made and the Commissioner had no authority to order a commutation of the compensation to a lump sum. It is unfortunate that after two hearings and appeals, the judgment appealed from must be reversed and the cause remanded to the circuit court with directions to remand the cause to the Industrial Commissioner for further proceedings consistent with the conclusions herein expressed. Salmon v. Denhart Elevators, 72 S.D. 110, 30 N.W.2d 644.

In these proceedings before the Commissioner, he should be directed to allow the introduction of additional evidence as to present earnings or ability to earn in some suitable employment so as to determine the amount of compensation payable under SDC 64.0403(3).

It is so ordered.

ROBERTS and RENTTO, JJ., and SMITH, Commissioner, concur.

HANSON, P. J., concurs specially.

SMITH, Commissioner, sitting for HOMEYER, J., disqualified.

HANSON, P. J., (special concurrence). I agree the compensation award in this case must be set aside for the reasons stated. However, in my opinion on reversal the remand should be broad enough to allow an award for total permanent disability if the evidence, on rehearing, shows claimant has no wage earning capacity.

Claimant contends he is totally disabled and the first commissioner so found. However, the second commissioner, without taking into consideration claimant's pre-existing physical infirmi-

·ties, made an award for partial disability. This is reflected in the following material findings of the second commissioner:

## "XII.

"That the claimant at the time of his injury and subsequent thereto has been suffering from gall stones, calcified aorta and pelvic vessels, osteo arthritis and arrythmia.

## "XIII.

"That the injury of October 18, 1958, nor the subsequent back operation at Rochester did not aggravate nor accelerate the gall stones, calcified aorta and pelvic vessels, osteo arthritis and arrythmia.

## "XIV.

"That the claimant, Otto Spitzer, is not totally and permanently disabled as a result of said injury of October 18, 1958, and subsequent operation at Rochester, Minnesota, on his back.

## "XV.

"That the claimant as a result of the said injury and subsequent back operation has suffered a permanent and partial disability of his back because of pain and limitation of motion therein, in an amount not to exceed 20% of total disability."

Such findings show only the percentage of disability resulting from the injury to claimant's back. Nowhere is there a finding that claimant is able, in any degree, to pursue his usual and ordinary pre-injury employment (See SDC 64.0403(3) ). Nor is there a finding as to the percentage of disability of the whole man to earn wages. The narrow remand of the court makes such findings binding on rehearing and forecloses a possible award for total disability.

Compensation for total disability under the Workmen's Compensation Act involves economic as well as physical factors. "The benefits awarded for total incapacity to work are for

loss of earning power, so that loss of wage earning ability because of the injury ordinarily is the criterion, rather than functional loss." 99 C.J.S. Workmen's Compensation § 299, p. 1057. As stated in the case of J. A. Foust Coal Co. v. Messer, 195 Va. 762, 80 S.E.2d 533, "The Commission properly gives great weight to medical evidence in determining incapacity, but it is not conclusively bound by such evidence. Medical evidence is not the sole criterion. There have been and probably will continue to be cases where the medical evidence shows only a percentage of disability when in truth and in fact the disability so found renders the claimant incapable of working and therefore incapable of earning any wages. The loss of earning power as the result of an injury is not necessarily proportional to the bodily functional disability."

In considering whether or not a claimant is entitled to total disability it is immaterial whether or not the injury aggravated or precipitated a pre-existing disease or physical condition. If the injury combined with the pre-existing condition prevents a claimant from working or earning wages, then he is totally disabled within the meaning of our Workmen's Compensation Act. Commissioner Simpson made such a finding and in my opinion correctly so. This principle is stated in 99 C.J.S. Workmen's Compensation § 300, page 1070 as follows: "While there are some decisions to the contrary, generally, where by reason of a previously impaired physical condition of the employee, an accident results in his total incapacity, an award of compensation for total incapacity is permitted, although a normal employee would have been only partially incapacitated." According to 2 Larson, Workmen's Compensation Law, page 56, "Nothing is better established in compensation law than the rule that when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable, and, except in three states having special statutes on aggravation of disease, no attempt is made to weigh the relative contribution of the accident and the pre-existing condition to the final disability."

Under the circumstances and in fairness to claimant this proceeding should be remanded under directions to determine anew

the nature of claimant's disability and, if necessary, the degree of such disability.